IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE PENN MUTUAL LIFE INSURANCE : 
COMPANY, :
:
Plaintiff, :
:
v. : C.A. No. 09-300-LPS
:
NORMA ESPINOSA 2007-1 INSURANCE :
TRUST, and CHRISTINA BANK & TRUST :
COMPANY, as trustee of the NORMA :
ESPINOSA 2007-1 INSURANCE TRUST, :
KEVIN BECHTEL, INFINITY WEALTH :
ADVISORS, LLC, and STEVEN BRASNER, :
:
Defendants. :

---

Stephen C. Baker, Esquire; Katherine L. Villanueva, Esquire; and Colleen M. Dougherty, Esquire, of DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania.
David P. Primack, Esquire, of DRINKER BIDDLE & REATH LLP, Wilmington, Delaware.

Attorneys for Plaintiff.

John E. Failla, Esquire; Elise A. Yablonski, Esquire; and Nathan Lander, Esquire, of PROSKAUER ROSE LLP, New York, New York.
John E. James, Esquire and David E. Moore, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendants, The Norma Espinosa 2007-1 Insurance Trust, and Christiana Bank & Trust Company, in its capacity as Trustee.

George T. Lees, III, Esquire of RAWLE & HENDERSON, LLP, Wilmington, Delaware.

Attorney for Defendant, Kevin Bechtel.

Steven Brasner, Pro Se Defendant.

---

## MEMORANDUM OPINION

February 22, 2011
Wilmington, Delaware.

Stark, District Judge:

Pending before the Court is a Motion To Dismiss And To Strike (D.I. 51) filed by

Defendant Kevin Bechtel, and a Motion For Leave To Amend Its Amended Complaint For

Declaratory Judgment (D.I. 55) filed by Plaintiff, The Penn Mutual Life Insurance Company

("Penn Mutual"). For the reasons discussed, the Court will grant Penn Mutual's Motion For

Leave To Amend Its Amended Complaint and grant in part and deny in part Defendant Bechtel's

Motion To Dismiss And To Strike. Specifically, Defendant Bechtel's Motion will be denied to

the extent it seeks to preclude Penn Mutual from asserting a fraud claim against him, granted to

the extent it seeks to strike paragraph 45 from the Second Amended Complaint, and denied as

moot in all other respects.

I.    **Background**

The background relevant to this action has been set forth fully by the Court in the July 30,

2010 Memorandum Opinion (D.I. 64) issued by the Honorable Joseph J. Farnan, Jr. By way of

brief summary, Penn Mutual commenced this action against Defendants seeking a judicial

declaration that a seven million dollar life insurance policy (the "Policy") issued by Penn Mutual

to the Espinosa Trust on the life of Norma Espinosa ("Ms. Espinosa") is void or voidable due to

material misrepresentations and/or lack of an insurable interest at the inception of the Policy.

Specifically, Penn Mutual contends that Ms. Espinosa, who was seventy-nine years old at the

time, was approached by Defendants Brasner and Bechtel to participate in a stranger oriented life

insurance ("STOLI")[1] scheme. (*Id.* ¶ 17) The parties dispute the agency status of Defendants

---

[1]STOLI refers to an arrangement in which speculative investors in a secondary market
seek to obtain pecuniary interests in life insurance policies on individuals with whom they have
no prior relationship. (D.I. 1 ¶ 7)

Bechtel and Brasner vis-à-vis Penn Mutual at the time the Policy was procured. Penn Mutual further alleges that numerous material misrepresentations and omissions were made concerning the true purpose of the Policy, the source and payor of the premiums, and Ms. Espinosa's intent to transfer the Policy, such that the Policy is void *ab initio* or should be considered rescinded. Defendants, the Norma Espinosa 2007-1 Trust and Christiana Bank and Trust Company, as trustee of the Espinosa Trust (the "Trust Defendants"), have counterclaimed against Penn Mutual seeking: (1) a declaration that the Policy is valid and cannot be rescinded, and (2) damages for breach of contract based on Plaintiff's anticipatory repudiation of its contractual obligations.

On July 30, 2010, the Court dismissed the Trust Defendants' counterclaim for breach of contract and dismissed their declaratory judgment counterclaims to the extent they were redundant of claims already raised by Penn Mutual in its Amended Complaint. At the time, the Court noted that Defendant Bechtel had filed a *pro se* Motion To Dismiss And To Strike (D.I. 51) and that Plaintiff had filed a Motion For Leave To Amend Its Amended Complaint For Declaratory Judgment (D.I. 55). Because briefing on these two motions had not yet been completed, the Court deferred ruling on them. (D.I. 64 at 1 n.1)

## II.   Parties' Contentions

By his Motion, Defendant Bechtel requests the Court to dismiss the Amended Complaint for failure to adequately state a cause of action against him. Specifically, Defendant Bechtel contends that the Amended Complaint: (1) fails to seek relief against him because it seeks declaratory judgment on all counts and does not seek redress against him; (2) fails to state a claim of fraud because it fails to allege that Defendant Bechtel intended to induce Plaintiff to act or refrain from acting; (3) fails to plead fraud with the requisite particularity under Fed. R. Civ.

2

P. 9(b); and (4) fails to state a claim for fraud under the economic loss rule, which restricts

parties in contractual privity to contract remedies rather than fraud remedies. In addition,

Defendant Bechtel requests that the Court strike paragraph 40 of the Amended Complaint

because it contains impertinent and prejudicial material concerning litigation brought by an

unrelated insurance company against Defendant Bechtel in the Southern District of Florida.

In response, Penn Mutual filed both an Opposition to Defendant Bechtel's Motion and a

Motion For Leave To Amend Its Amended Complaint. Penn Mutual contends that the proposed

Second Amended Complaint resolves many of the issues raised by Defendant Bechtel by

clarifying the claims against him and providing more details regarding the circumstances

surrounding the procurement of the Policy. Penn Mutual further contends that its claim against

Defendant Bechtel is based on fraud, not breach of contract, and, therefore, its fraud claim is not

barred by the economic loss doctrine. With respect to Defendant Bechtel's request to strike

paragraph 40, Penn Mutual contends that Paragraph 40 is relevant to show a pattern of wrongful

conduct by Defendant Bechtel because the allegations in the referenced legal action concern a

nearly identical STOLI scheme.

The Trust Defendants took no position with respect to Penn Mutual's Motion For Leave

To File A Second Amended Complaint, acknowledging that the allegations were primarily

directed to resolving issues raised by Defendant Bechtel. (D.I. 62) Defendant Bechtel filed no

response to Penn Mutual's Motion For Leave To File A Second Amended Complaint.[2] In

---

[2]As the Court noted, Defendant Bechtel filed his Motion To Dismiss while he was acting in a *pro se* capacity. On October 13, 2010, George Thomas Lees, III, Esquire entered an appearance on behalf of Mr. Bechtel. Defendant Bechtel, through his attorney, participated in the filing of a Join Status Report requested by the Court. In the Joint Status Report (D.I. 78), dated November 11, 2010, the parties identified both of the pending Motions and stated that "[t]hese

addition, Defendant Bechtel did not file a Reply Brief in support of his Motion To Dismiss And To Strike.

## II. Discussion

### A. Penn Mutual's Motion For Leave To Amend

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco,* 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman,* 371 U.S. at 182; *In re Burlington,* 114 F.3d at 1434. An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.,* 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001). A party may suffer undue prejudice

---

motions are fully briefed and remain pending." Accordingly, the Court will resolve Penn Mutual's Motion For Leave To Amend, despite the lack of response from Defendant Bechtel.

if the proposed amendment causes surprise or results in additional discovery, additional costs, or additional preparation to defend against the new facts or theories alleged. *See id.*

In this case, Defendant Bechtel has not opposed Penn Mutual's Motion For Leave To Amend, and the Court finds no reason to deny Penn Mutual's Motion. Penn Mutual's Motion is not untimely and does not prejudice any party. Further, Penn Mutual's Motion is made for the appropriate purpose of adding more detailed allegations concerning the procurement of the Policy and clarifying the claims against Defendant Bechtel. Accordingly, the Court will grant Penn Mutual's Motion For Leave To Amend, and the proposed Second Amended Complaint will be deemed filed.

## B.     Defendant Bechtel's Motion To Dismiss

Because the Court has granted Penn Mutual's Motion For Leave To Amend, much of the relief Defendant Bechtel seeks by his Motion To Dismiss And To Strike must be denied as moot. Defendant Bechtel's Motion is addressed to the Amended Complaint, but the operative complaint is now Penn Mutual's Second Amended Complaint.

Two issues raised by Defendant Bechtel's Motion, however, are unaffected by the Court's decision to grant Penn Mutual's Motion For Leave To Amend. These are (1) whether Penn Mutual's fraud claim against Defendant Bechtel is barred by the economic loss rule; and (2) whether Paragraph 45 of the Second Amended Complaint should be stricken.[3] Accordingly, the Court will address these issues here.

---

[3]Paragraph 45 of the Second Amended Complaint is identical to Paragraph 40 of the Amended Complaint. (D.I. 55 at 9-10) Accordingly, in light of the Court's decision granting Penn Mutual's Motion For Leave To Amend, the Court will refer to the disputed paragraph as Paragraph 45.

### 1. Whether Penn Mutual's Fraud Claim Is Barred By The Economic Loss Rule

Where applicable, the economic loss doctrine precludes a party from recovering in tort for losses that are purely economic in nature. *See Christiana Marine Servs. Corp. v. Texaco Fuel and Marine Mktg. Inc.*, 2002 WL 1335360 (Del. Super. June 13, 2002). The economic loss doctrine is rooted in products liability law, but has been expanded to other contexts. *See id.* Claims of fraud, as well as other intentional torts, are exceptions to the economic loss rule. *See Commonwealth Constr. Co. v. Endecon, Inc.*, 2009 WL 609426, *5 (Del. Super. Mar. 9, 2009) (recognizing trend to exclude intentional torts, including fraudulent misrepresentation, from economic loss doctrine).

In support of his argument, Defendant Bechtel directs the Court to the Delaware Superior Court's decision in *Brasby v. Morris*, 2007 WL 949485 (Del. Super. Mar. 29, 2007). In *Brasby*, the parties were in contractual privity and the losses alleged were purely economic. Both contract and fraud claims were brought by the plaintiff; however, the fraud claim was solely related to the performance of the contract. In these circumstances, the court dismissed the fraud claim, concluding that it was "better addressed" by contract law. *Id.* at 7-8.

Here, by contrast, there are no co-existing contract claims. The only claim brought by Penn Mutual against Defendant Bechtel is a fraud claim based on intentional misrepresentation. The Court concludes that under the circumstances presented here this type of fraud claim is not precluded by the economic loss doctrine.[4]

---

[4]In reaching the conclusion that Penn Mutual may assert a fraud claim against Defendant Bechtel, the Court makes no determination as to the adequacy of the fraud claim for purposes of Rule 9(b) or Rule 12(b)(6).

Accordingly, the Court will deny Defendant Bechtel's motion to the extent it seeks dismissal of Penn Mutual's fraud claim based on the economic loss doctrine.

### 2. Whether Paragraph 45 of the Second Amended Complaint Should Be Stricken

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002); *see also Sepracor Inc. v. Dey, L.P.*, 2008 WL 4377570, at *2 (D. Del. Sept. 26, 2008). Granting a motion to strike is generally disfavored and considered "a drastic remedy to be resorted to only when required for the interests of justice." *Plaum v. Jefferson Pilot Fin. Ins. Co.*, 2004 WL 2980415, at *2 (E.D. Pa. Dec. 22, 2004). Thus, even if the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted, unless the allegations have no possible relation to the controversy and will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009) (internal quotation marks omitted); *McInerney*, 244 F. Supp. 2d at 402. Generally, a Rule 12(f) motion will be denied "unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[T]he courts should not tamper with the pleadings unless there is a strong reason for doing so.").

Defendant Bechtel contends that the Florida action referenced in Paragraph 45 has no bearing to this action and is included in the Second Amended Complaint only to "paint

[Defendant] Bechtel in a bad light in an effort to prejudice this Court" against him. (D.I. 51 at 12) In response, Penn Mutual contends that the allegations of Paragraph 45 show a pattern of wrongful conduct, because they involve allegations quite similar to those pressed by Penn Mutual here.

Although a close call, the Court will strike paragraph 45 from the Second Amended Complaint. Paragraph 45 refers to and quotes liberally from allegations made against Defendant Bechtel in similar litigation in another federal district court. As Defendant Bechtel points out, Penn Mutual is not a party to that action and none of the policies, trusts, insureds, applications, or documents at issue in the other action are at issue here. Nor has the other action been resolved; indeed, it appears that it has been stayed. Further, the Court does not understand Penn Mutual's claims to require a pattern or practice of unlawful conduct. Most importantly, the allegations contained in Paragraph 45 are merely a repetition of allegations pending in the other action, allegations which have not yet been adjudicated.

In striking Paragraph 45, the Court does not make any decision as to the *admissibility* of evidence that Defendant Bechtel engaged in what Penn Mutual considers to be a similar pattern or practice of fraudulent conduct. *See generally Miller v. Group Voyagers, Inc.*, 912 F. Supp. 164, 168 (E.D. Pa. 1996) (in evaluating Rule 12(f) motion to strike, noting that if exhibit at issue were subsequently to be offered into evidence, party opposing its admission would remain "free to raise any appropriate objection, which the Court will consider and rule upon"). The Court simply concludes that Penn Mutual's Second Amended Complaint should be stricken of reference to non-adjudicated allegations that are pending in another action.

## III. CONCLUSION

For the reasons discussed, the Court will grant Penn Mutual's Motion For Leave To Amend Its Amended Complaint For Declaratory Judgment and the Second Amended Complaint will be deemed filed. Defendant Bechtel's Motion To Dismiss And To Strike will be granted in part and denied in part. An appropriate Order will be entered.