UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Case No. 09-CV-300-LPS

THE PENN MUTUAL LIFE INSURANCE COMPANY,
    Plaintiff

Vs.

NORMA ESPINSOA 2007-1 LIFE INSURANCE TRUST,
And CRISTIANA BANK & TRUST, as Trustee, et al,
    Defendants
_____/



## DEFENDANT STEVEN M BRASNER'S MOTION TO QUASH SUBPOENA

    Pursuant to the Federal Rules of Civil Procedure, Steven M. Brasner ("Brasner"), hereby moves to quash the subpoena issued to Wachovia Bank NA on March 1, 2011.

    The subpoena seeks all documents relating to <u>ALL</u> personal or business account(s) held individually or with Steven M. Brasner at Wachovia Bank NA from January 1, 2006 to the present.

    Brasner objects to the subpoena and hereby seeks to quash it. The subpoena seeks information that is privileged and protected, overly broad, irrelevant and creates an undue burden.

    The subpoena seeks privileged information. On April 22, 2010, Brasner was arrested by the Florida Department of Financial Services (the "Arrest") in connection with allegations relating to fraud and misrepresentations claimed to have been made in connection with certain AXA and Transamerica insurance policies (the "Criminal Proceedings"). Many of the facts alleged in the Complaint for this Action parallel those alleged in the Criminal Proceedings. Brasner has been advised by his criminal attorneys to assert his Fifth Amendment Privilege in connection with any and all civil matters, including document and other production requests. Brasner hereby asserts his Fifth Amendment privilege in this matter and asks that his bank account records be treated as privileged information.

1

In addition, the subpoena is overly broad and much information requested is irrelevant to the Action presented in the Plaintiff's Complaint. The subpoena seeks over five years of personal and/or business bank account information relating to Brasner. There are no facts presented that justify seeking five years of personal and unrelated corporate records in connection with one insurance policy. Such a request is overly broad and unduly burdensome.

Plaintiff has not offered a justifiable and reasonable information request; rather it has requested an unreasonably broad, personally invasive and burdensome request that bears no relation to the facts at hand. Therefore, Brasner requests that this Court quash Plaintiff's subpoena to obtain irrelevant and unrelated confidential information of Brasner and/or any of his corporate entities.

Respectfully submitted,

Steven M. Brasner, pro se defendant
3413 Dovecote Meadow Lane
Davie, FL 33328
sbrasner@aol.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March 2011, a true and correct copy of the foregoing was sent to the Clerk of the Courts and provided, by US mail to the following:

>David P. Primack
>Drinker Biddle & Reath LLP
>1100 N. Market Street
>Suite 1000
>Wilmington, DE  19801
>
>Of Counsel
>Stephen C. Baker
>Katherine L. Villanueva
>Drinker Biddle & Reath LLP
>One Logan Square
>18th & Cherrt Streets
>Philadelphia, PA  19103-6996
>*Attorneys for Plaintiff*
>
>Wachovia Bank
>Subpoena Processing East
>PO Box 8667 Y1372-110
>Philadelphia, PA  19101
>Fax (704)-427-3686
>Bank Reference Number 2514074

_____
Steven M. Brasner, pro se defendant



US District Court
Clerks Office
844 N Kent Street
Unit 18
Wilmington DE 19801

Michael to be filed